IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America<br><br>Plaintiff(s),<br><br>v.<br><br>Charlise Williams and Ekkehard Wilke<br><br>Defendant(s). | Case No. 14 CR 557<br>Judge Virginia M. Kendall |

## ORDER

Defendants Charlise Williams and Ekkehard T. Wilke's Motions to Sever [51] and [33] are denied.

## STATEMENT

Williams and Wilke were charged with participating in a scheme to defraud creditors in violation of 18 U.S.C. §§ 157(1) and (2). Specifically, both were charged with filing a Title 11 bankruptcy petition "for the purpose of fraudulently invoking the automatic stay against creditors." (Dkt. 14, Indictment at ¶ 4). The Indictment describes a number of other aspects of the alleged scheme, including Wilke and Williams filing a series of Chapter 13 bankruptcy cases and proposing Chapter 13 plans with no intent to perform the plans, transferring ownership of property between themselves to defraud creditors, and making false representations to the Bankruptcy Court (*Id.* at ¶ 3). Williams and Wilke now move to sever their cases. (Dkt. 55, Williams Motion to Sever; Dkt. 33, Wilke Motion to Sever). For the following reasons, both Motions to Sever are denied.

### Legal Standard

An indictment "may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Once individuals have been indicted together, there is a preference in the federal system for joint trials to "promote efficiency" and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Zafiro v. U.S.*, 506 U.S. 534, 537 (1993) (internal quote omitted). This is especially true in cases like this where the indictment charges a conspiracy or common scheme between co-defendants. *See U.S. v. Goodwin*, 496 F.3d 636, 644 (7th Cir. 2007) ("well settled that co-conspirators who are charged together generally should be tried together"); *see also U.S. v. Souffront*, 338 F.3d 809, 828 (7th Cir. 2003); *U.S. v. Caliendo*, 910 F.2d 429, 437 (7th Cir. 1990).

On the other hand, "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any relief that justice requires."

Fed. R. Crim. P. 14(a). The defendant moving for severance bears the burden of showing actual prejudice resulting from joinder. *U.S. v. Novak*, 870 F.2d 1345, 1354 (7th Cir. 1989). The trial court retains broad discretion in evaluating potential risk of prejudice and determining whether to sever trials, but severance should only be granted "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Goodwin,* 496 F.3d at 644 (internal quote omitted); *see also U.S. v. Warner*, 498 F.3d 666, 700 (7th Cir. 2007).

Williams and Wilke have failed to show they will suffer prejudice from a joint trial sufficient to deny them a specific trial right and require the severance of their trials. In determining whether a joint trial "appears to prejudice" a defendant under Rule 14, this Court considers a number of factors, including: "(1) antagonistic defenses conflicting to the point of being irreconcilable and mutually exclusive; (2) massive and complex evidence making it almost impossible for the jury to separate evidence as it relates to each defendant when determining each defendant's innocence or guilt; (3) a co-defendant's statement inculpating the moving defendant; and (4) gross disparity in the weight of the evidence against the defendants." *See, e.g., U.S. v. Delatore*, 522 F.Supp.2d 1034, 1046 (N.D. Ill. 2007), *citing U.S. v. Clark*, 989 F.2d 1490, 1499 (7th Cir. 1993); *U.S. v. Hollnagel*, 2011 WL 3471081 at *6 (N.D. Ill. 2011). The possibility of prejudice must then be weighed against the cost of separate trials. *U.S. v. Calabrese*, 572 F.3d 362, 367-68 (7th Cir. 2009).

This is not a massive and complex case with overwhelming evidence, but a relatively straightforward matter where two defendants are charged with bankruptcy fraud. One defendant will argue he was manipulated to participate in the fraud scheme by "the specific representations made to him by [his co-defendant]," (Dkt. 33, Wilke Motion to Sever at ¶¶ 5, 10) and the other will "hold the Government to its burden of proof," (Dkt. 51, Williams Motion to Sever at ¶ 3). Though antagonistic, these defense theories are not mutually exclusive and certainly do not warrant severance. *See Zafiro*, 506 U.S. at 538 (mutually exclusive defenses do not per se mandate severance). A jury could believe both that Wilke was not part of the alleged fraud and also that the government failed to carry its burden with respect to Williams. That these conflicting theories may result in blame-shifting and require more nuanced trial strategy does not mean that either defendant will suffer "actual prejudice" from a joint trial. Actual prejudice "does not exist just because 'separate trials would have given a defendant a better opportunity for acquittal.'" *Warner*, 498 F.3d at 700 (quoting *U.S. v. Rollins*, 301 F.3d 511, 518 (7th Cir. 2002)). Instead, the defendant "must have been 'deprived of his right to a fair trial'" and here, there is no such risk of deprivation. *Id*. This Circuit has recognized that "[f]inger-pointing among the defendants is not only acceptable but also a benefit of a joint trial, for it helps the jury to assess the role of each defendant." *U.S. v. Hoover*, 246 F.3d 1054, 1061 (7th Cir. 2001). And, the benefit to the jury in presenting these cases together certainly outweighs any speculative risk of prejudice that will be cured by this Court's limiting instructions and other such tailoring relief. *See Warner*, 498 F.3d at 700 (quoting *Zafiro*, 506 U.S. at 539) (" 'Limiting instructions…often will suffice to cure any risk of prejudice,' and tailoring relief from prejudice is left to the district court's discretion.'").

Furthermore, merely concluding that Wilke will suffer prejudice from the admission of inculpatory statements and the omission of exculpatory testimony if he is tried as a co-defendant, (Dkt. 33, Wilke Motion to Sever at ¶¶ 6, 9), does not impress this Court that a specific trial right of the defendants will be compromised when these cases are tried together. Severance cannot be granted based on "nothing more than 'a vague, unsupported assertion' speculating about the possibility" of testimony that may or may not be offered into evidence. *U.S. v. Balzano*, 916 F.2d 1273, 1284 (7th Cir. 1990) (quoting *U.S. v. Studley*, 892 F.2d 518, 525 (7th Cir. 1989). If either defendant has a sixth amendment or *Bruton* or other concern, he/she must clearly identify the statements or type of statements that he/she is concerned about so that this Court can properly consider the specific evidentiary and constitutional issues implicated by a joint trial. *See id*. On the baseless speculation now before it, this Court cannot imagine why "[t]he vast majority, if not all," of the evidence admitted in the joint trial would not be admissible were the defendants tried alone. *Souffront*, 338 F.3d at 831. Generally, "evidence of one participant's actions in furtherance of a scheme to defraud is admissible against the other participants in that scheme, just as in a conspiracy case." *U.S. v. Adeniji*, 221 F.3d 1020, 1027 (7th Cir. 2000).

Similarly unpersuasive is speculation that the jury will unfairly associate Wilke with the evidence against Williams or rule based on emotion. (Dkt. 51, Williams Motion to Sever at ¶ 8; Dkt. 62, Wilke's Reply at ¶ 4). First, the proposition that there will be more evidence presented against Williams than against Wilke is pure conjecture. As mentioned above, it would seem there will be much overlap of the evidence brought against both defendants and no party has presented this Court with any realistic estimate of what the evidence against the two co-defendants will actually be. Additionally, there is an " 'almost invariable assumption of the law that jurors follow their instructions'" and there is no reason to think that a jury in this case will be unable to follow this Court's instructions and consider the evidence only objectively and as instructed by the Court. *U.S. v. Hernandez*, 330 F.3d 964, 972 (7th Cir. 2003) (quoting *Richardson v. Marsh*, 481 U.S. 200, 206-07 (1987); accord *U.S. v. Puckett*, 405 F.3d 589, 599 (7th Cir. 2005) ("We presume that jurors, conscious of the gravity of their task, attend closely the particular language of the trial court's instructions in a criminal case and strive to understand, make sense of, and follow the instruction given them") (internal quote omitted).

The party moving for severance bears the burden of demonstrating how or why he will be prejudice by a joint trial and neither defendant has carried his/her burden in this case. *See, e.g., Hollnagel*, 2011 WL 3471081 at *6; *Novak*, 870 F.2d at 135. If discovery reveals that the evidence against the defendants does not significantly overlap or if a genuine sixth amendment or other concern arises, the defendants may evaluate whether a motion to sever is better suited at that time. But, at present, such an extreme action is not warranted.

## **CONCLUSION**

For the foregoing reasons, the Defendants' Motions to Severe are denied.

Date: 4/17/2015

                                                  Virginia M. Kendall
                                                  United States District Judge